UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SUPERIOR HOMES, L.L.C., | ) | CIV. 12-4126-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART DEFENDANT |
| RICKY COMARDELLE, | ) | COMARDELLE'S MOTION TO |
| individually and d/b/a/ | ) | DISMISS AND GRANTING IN PART |
| GOMOTEL, L.L.C., a Louisiana | ) | AND DENYING IN PART PLAINTIFF'S |
| Limited Liability Company, | ) | MOTION TO COMPEL |
| | ) | |
| Defendants. | ) | |

Defendant, Ricky Comardelle, moves the court to dismiss all claims

against him individually. Docket 38. Plaintiff, Superior Homes, L.L.C., resists

that motion and separately moves the court to compel discovery from

Comardelle individually and from the other named defendant, GoMotel, L.L.C.

Docket 32. For the following reasons, the court grants in part and denies in

part Comardelle's motion to dismiss, and grants in part and denies in part

Superior Homes's motion to compel discovery.

**BACKGROUND**

The facts, according to the amended complaint (Docket 31), are as

follows:

Superior Homes, located in Watertown, South Dakota, manufactures

prefabricated housing units. Comardelle lives in Louisiana, and he and his wife,

Stacy Comardelle, are the only members of GoMotel. GoMotel owns and operates a man camp housing facility for oil field workers in North Dakota.

Sometime in the summer of 2011, Comardelle contacted Superior Homes and inquired about the purchase of prefabricated housing units for a proposed man camp complex in North Dakota. Superior Homes and GoMotel reached an agreement for the construction of twenty housing units that Superior Homes would deliver to the construction site by December 31, 2011. The parties also agreed that time was of the essence due to tax deductions GoMotel wanted to receive in the 2011 tax year. Accordingly, the parties agreed that Superior Homes would pay GoMotel $20,000 per day for late delivery. Following the agreement, Superior Homes began manufacturing the housing units.

After Superior Homes began manufacturing the units, Comardelle requested a number of changes to the design specifications and quantity of the order. Superior Homes completed the original twenty units in time to transport them to Williston, North Dakota, by the agreed deadline, but Comardelle instructed Superior Homes to store the units temporarily because the real estate for the man camp site had not been purchased, the work site was not ready, and GoMotel had not obtained the proper permits from the county for the installation of the modular units. GoMotel obtained the necessary permits in mid-January of 2012. Superior Homes then delivered the housing units to the work site.

GoMotel failed to make timely payments to Superior Homes. Superior Homes contacted GoMotel several times regarding payment for the housing units. GoMotel made two partial payments totaling $1.7 million, but a balance of $747,352.67 remains outstanding.

In the fall of 2011, Superior Homes, GoMotel, and Comardelle were subcontractors of Nabors Completion and Production Services Company on a 410-person man camp project in North Dakota. Superior Homes contracted with Nabors to produce prefabricated units for the sleeping wings, laundry, and kitchen of the housing complex. Comardelle and/or GoMotel contracted with Nabors to perform various work, including construction of the center lodge, and finishing work and equipment installation in the kitchen and laundry areas.

In addition to completing its contracted work on the Nabors project, Superior Homes completed work as instructed by Comardelle. Comardelle told Superior Homes that Nabors would compensate Superior Homes for the extra work. When Superior Homes requested payment in the amount of $500,000 from Nabors for the additional work, Nabors refused to pay on the grounds that Comardelle did not have the authority to speak for Nabors, and that Nabors had already paid Comardelle for the work performed by Superior Homes. Comardelle has refused to pay Superior Homes for the work Superior Homes performed at his direction.

**DISCUSSION**

## I.     Conversion to Motion for Summary Judgment

The parties dispute whether the court should treat Comardelle's motion as a motion to dismiss or convert it to a motion for summary judgment. A motion made pursuant to Rule 12(b)(6) is limited to the initial pleadings. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 799-800 (8th Cir. 2011). "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . . All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

If material beyond the pleadings is offered in conjunction with a Rule 12(b)(6) motion, the court may convert the motion to a motion for summary judgment, or it may "reject [any material outside the pleadings] or simply not consider it." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed. 2004) [hereinafter Wright & Miller]; *see also Casazza v. Kiser*, 313 F.3d 414, 417-18 (8th Cir. 2002) (reiterating that a district court does not convert a Rule 12(b)(6) motion to a motion for summary judgment if the court does not rely upon matters outside the pleadings). The decision to convert the motion or to exclude the material beyond the pleadings is wholly discretionary. 5C Wright & Miller § 1366.

Material outside the pleadings includes " 'written or oral evidence in support of or in opposition to the pleading that provides some substantiation

for and does not merely reiterate what is said in the pleadings.' " *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir. 2003) (quoting *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992)). "In adjudicating Rule 12(b) motions, courts are not strictly limited to the four corners of complaints." *Dittmer Props. L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (citing *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011)). " '[T]he court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.' " *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). The court may also consider matters incorporated by reference into the complaint without converting a Rule 12(b)(6) motion to a summary judgment motion. *Id.* at 931 n.3 (quoting 5B Wright & Miller § 1357).

The parties have substantial discovery remaining. Summary judgment is premature at this time. Accordingly, the court will treat Comardelle's motion as a Rule 12(b)(6) motion and will evaluate only the amended complaint and the three exhibits attached to it and incorporated by reference, all found at Docket 31. The court will also consider the parts of the parties' briefs that present the law and argument related to the Rule 12(b)(6) motion, but not the additional factual material and exhibits submitted with those briefs.

## II. Motion to Dismiss

### A. Standard

Rule 8 requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (clarifying that "*Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2)").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court determines plausibility by considering only the materials in the pleadings and exhibits attached to the complaint, drawing on experience and common sense and viewing the plaintiff's claim as a whole. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)). At the motion to dismiss stage, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in

favor of the nonmoving party. *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013) (quoting *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012)).

## B. Analysis

### 1. GoMotel Project

Superior Homes asserts claims for breach of contract (count one), quantum meruit (count two), and detrimental reliance (count three) against GoMotel and Comardelle individually from conduct related to the GoMotel housing project. Superior Homes argues with respect to these claims that Comardelle should not be dismissed based on a piercing the corporate veil theory. *See* Docket 43 at 19-24 (arguing that a piercing the corporate veil theory creates personal liability, thereby precluding dismissal).

In the amended complaint,[1] all of the acts attributed to Comardelle with respect to the GoMotel project were done by Comardelle on behalf of GoMotel. Any action GoMotel took would necessarily be through Comardelle or another natural person. *See* 51 Am. Jur. 2d *Limited Liability Companies* § 12 ("Like a corporation, a limited liability company can act only through its agents."). The fact that Comardelle negotiated with Superior Homes and agreed to the

---

[1] The parties do not agree on which jurisdiction's substantive law regarding piercing the corporate veil should apply. The court does not decide this issue because Superior Homes did not plead facts to support its claim under the substantive law of any of the potential jurisdictions.

contract on GoMotel's behalf does not state a claim for relief of piercing the corporate veil against Comardelle in his individual capacity.

Superior Homes contends that, even though it did not plead any formal elements of a piercing claim, that legal conclusion can be inferred from the surrounding factual allegations. To survive a motion to dismiss, Superior Homes has to provide defendants notice of the theory on which it is to proceed and plead sufficient facts to make that claim plausible on its face. *See MacDonald v. Summit Orthopedics, Ltd.*, 681 F. Supp. 2d 1019, 1025-26 (D. Minn. 2010) (citing *Murrin v. Fischer*, 2008 WL 540857, at *22 (D. Minn. Feb. 25, 2008)). But the amended complaint contains no factual allegations supporting piercing, such as undercapitalization, commingling of funds, absence of corporate records, corporate payment of individual obligations, or other facts that would indicate some type of corporate fraud. *See Bank of Montreal v. Avalon Capital Grp., Inc.*, 743 F. Supp. 2d 1021, 1032 (D. Minn. 2010) (dismissing two individual defendants because the amended complaint did not contain facts that supported piercing the corporate veil). The mere fact that Comardelle acted on behalf of GoMotel, even if assumed to be true, is insufficient to establish a claim against Comardelle individually by piercing the corporate veil.

Additionally, Superior Homes argues that pleading joint and several liability and naming Comardelle and GoMotel together in its factual allegations states a claim against Comardelle personally because the two entities and their

interests are indistinguishable. But using the two names interchangeably does not sufficiently plead a cause of action against one party when there are no other facts in the pleadings to support that claim. *See Meighan v. TransGuard Ins. Co. of America, Inc.*, 2013 WL 5596915, at *7 (N.D. Iowa Oct. 11, 2013) (finding that referring to the defendants collectively and asserting joint and several liability were "naked legal conclusions" rather than properly pleaded facts and did not support a plausible claim for relief). Accordingly, the court grants Comardelle's motion to dismiss for failure to state a claim upon which relief can be granted with respect to counts one, two, and three of the amended complaint.

### 2. Nabors Project

#### a. Count Four: Breach of Express Contract

To survive a motion to dismiss on count four, Superior Homes must plead sufficient facts to give rise to a plausible inference that Comardelle and Superior Homes formed a valid and enforceable contract, that Comardelle breached that contract, and that Superior Homes was damaged. *See Come Big or Stay Home, LLC v. EOG Resources, Inc.*, 816 N.W.2d 80, 84 (N.D. 2012) (laying out the elements for breach of contract under North Dakota law); *Bowes Constr., Inc. v. S.D. Dep't of Transp.*, 793 N.W.2d 36, 43 (S.D. 2010) (outlining similar elements under South Dakota law). Superior Homes does not need to produce a contract in the pleadings. *See Chambers v. Travelers Cos.*, 2009 WL 873124, at *2, 5-6 (D. Minn. Mar. 30, 2009) (allowing a breach of contract

claim to proceed when the plaintiff had alleged a right to receive a bonus that had not been paid, even though the plaintiff did not provide the contract provision itself).

The amended complaint states that "Comardelle requested and directed Superior Homes to complete various work on the Nabors Project including, but not limited to, electrical, plumbing, and finish work in the center lodge building, kitchen, and laundry." Am. Compl. ¶ 34. In contrast to the GoMotel project allegations, it is not clear that Comardelle was acting only in his capacity as manager of an LLC with respect to the Nabors project. In fact, the amended complaint, if taken as true, implies that Comardelle was not. *See* Am. Compl. ¶ 37 (alleging that Comardelle held himself out as an agent of Nabors, not GoMotel). Furthermore, Superior Homes alleges in the amended complaint that Comardelle represented that Nabors would pay Superior Homes, that Comardelle did not have the authority to bind Nabors, that Superior Homes actually performed the work requested by Comardelle, and that Comardelle has refused to pay. Am. Compl. ¶¶ 37-41. Taken as true, these facts give rise to a reasonable inference that Comardelle could be liable for a breach of an express oral contract, even if all the details of the alleged contract are not before the court at this time. Therefore, Superior Homes has stated a claim against Comardelle individually upon which relief could be granted with regard to Count Four.

### b. Count Five: Breach of Implied Contract

"A contract is implied in fact where the intention . . . is not manifested by direct or explicit words by the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used, or acts done by them, or other pertinent circumstances attending the transaction." *Weitzel v. Sioux Valley Heart Partners*, 714 N.W.2d 884, 892 (S.D. 2006); *see also Jerry Harmon Motors, Inc. v. Heth*, 316 N.W.2d 324, 327 (N.D. 1982) ("[I]mplied contracts are based on the surrounding facts and circumstances to determine whether or not the parties actually intended to enter into a contract but failed to articulate their promises.").

Superior Homes pleaded facts about the circumstances surrounding the Nabors project that could establish a basis for an implied contract on which Comardelle could be individually liable. *See* Am. Compl. ¶¶ 34-36 (alleging Comardelle requested work from Superior Homes); Am. Compl. ¶ 37 (alleging Comardelle promised Superior Homes compensation); Am. Compl. ¶ 40 (alleging that Comardelle or GoMotel received payment from Nabors); Am. Compl. ¶ 41 (alleging that Superior Homes has not been compensated). The facts in the amended complaint, taken as true, state a claim for relief against Comardelle individually that is plausible on its face with respect to count five.

### c. Count Six: Unjust Enrichment

Under North Dakota law, "[u]njust enrichment requires a plaintiff to show '(1) an enrichment; (2) an impoverishment; (3) a connection between the

enrichment and the impoverishment; (4) absence of a justification for the enrichment and impoverishment; and (5) an absence of a remedy provided by law.' " *Thimjon Farms P'ship v. First Int'l Bank & Trust*, 837 N.W.2d 327, 336 (N.D. 2013) (quoting *Hayden v. Medcenter One, Inc.*, 828 N.W.2d 775, 781 (N.D. 2013)). " 'The essential element of recovery under unjust enrichment is the receipt of a benefit by the defendant from the plaintiff which would be inequitable to retain without paying for its value.' " *Id.* at 336-37 (quoting *McGhee v. Mergenthal*, 735 N.W.2d 867, 872 (N.D. 2007)). Similarly, under South Dakota law, for a plaintiff to succeed on an unjust enrichment claim, the plaintiff must show (1) the defendant received a benefit from the plaintiff; (2) the defendant was aware of the benefit; and (3) that it is inequitable to allow the defendant to retain the benefit without paying for it. *Buffalo Ridge Corp. v. Lamar Advertising of S.D., Inc.*, 793 N.W.2d 809, 814-15 (S.D. 2011) (citing *Hofeldt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003)).

The amended complaint alleges facts that show Superior Homes conferred a benefit on Comardelle by performing work he or his company was supposed to perform. *Compare* Am. Compl. ¶ 33 (describing the work Comardelle and/or GoMotel contracted with Nabors to perform), *with* Am. Compl. ¶¶ 34-35 (describing the work Superior Homes actually performed at Comardelle's request). It is unclear from the amended complaint whether Comardelle personally received payment from Nabors for the work performed by Superior Homes, but it is not unreasonable to infer that Comardelle did

personally receive some payment from Nabors. Furthermore, Superior Homes would not ordinarily have access to the information about which party Nabors paid without discovery into the financial information from Nabors, Comardelle, or GoMotel. Therefore, Superior Homes has pleaded sufficient facts to state a facially plausible claim for relief against Comardelle individually on count six.

### d. Count Seven: Quantum Meruit

The South Dakota Supreme Court defined the equitable remedy of quantum meruit as follows:

> Quantum meruit implies a contract where none exists and awards restitution for the value of the service provided under that implied contract. . . . To recover under quantum meruit, the plaintiff must prove, among other things, that the defendant requested the plaintiff's services and the plaintiff reasonably expected to be paid. . . . Further, damages may be awarded even if the plaintiff's services conferred no benefit.

*Johnson v. Larson*, 779 N.W.2d 412, 417-18 (S.D. 2010) (internal citations omitted). North Dakota law applies a similar test. *See Hayden*, 828 N.W.2d at 783 ("To prevail on a claim based on quantum meruit, the claimant must establish the recipient accepted benefits under circumstances which would reasonably notify the recipient that the claimant had an expectation of payment for the services rendered.").

The amended complaint contains allegations that Comardelle requested the services provided by Superior Homes. Am. Compl.¶¶ 34-36. Additionally, the amended complaint asserts that Superior Homes expected to be paid, and

Comardelle knew of that expectation. Am. Compl. ¶ 37. These facts are sufficient to state a facially plausible claim for relief against Comardelle individually on count seven.

Because Superior Homes pleaded factual content that allows the court to draw a reasonable inference that Comardelle could individually be liable for the misconduct alleged in the complaint with respect to counts four, five, six, and seven, the court denies Comardelle's motion to dismiss on those counts.

## III.    Motion to Compel

### A.  Standard

The scope of discovery in civil matters is governed by Federal Rule of Civil Procedure 26, which provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). "Rule 26(b) allows great freedom in discovery." 8 Wright & Miller § 2007. " 'Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the

other to disgorge whatever facts he has in his possession.' " *Id.* (quoting *Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947)).

"While the standard of relevance in the context of discovery is broader than in the context of admissibility . . . this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (internal citations omitted). A party seeking discovery must make a "threshold showing of relevance . . . before parties are required . . . to produce a variety of information which does not reasonably bear upon the issues in the case." *Id.* "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case." *E.E.O.C. v. Woodmen of the World Life Ins. Soc'y*, Civ. No. 03-165, 2007 WL 1217919, at *1 (D. Neb. Mar. 15, 2007) (citing *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972)).

After the party requesting discovery has met its threshold burden, the burden shifts to the party resisting discovery to show " 'that the requested documents either do not come within the broad scope of relevance defined pursuant to [Rule 26(b)(1)] or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.' " *Penford Corp. v. Nat'l Union Fire Ins. Co.*, 265 F.R.D. 430, 433 (N.D. Iowa 2009) (quoting *St. Paul Reinsurance Co. v.*

*Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000)). Mere boilerplate or conclusory objections that a request is "overly broad, burdensome, or oppressive," are insufficient, and the resisting party must provide specific reasons why the relevant discovery should not be allowed. *Burke v. Ability Ins. Co.*, 291 F.R.D. 343, 349 (D.S.D. 2013) (citing *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, Civ. 09-234, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010)).

A party may make a motion under Rule 37 to compel disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Such a motion "may be made if: . . . a party fails to answer an interrogatory submitted under Rule 33[,] or . . . a party fails . . . to permit inspection . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). "Before filing a motion to compel . . . the aggrieved party must attempt to confer with the unresponsive party in an effort to obtain the desired material without court action." 8B Wright & Miller § 2285.

## B. Analysis

### 1. Comardelle

Comardelle has not filed an answer to Superior Homes's amended complaint, but he has filed a motion to dismiss. Superior Homes served its first set of interrogatories and document requests on Comardelle in November 2012. Docket 34-3. Along with standard interrogatories and document requests, Superior Homes requested Comardelle's personal financial information and tax returns from 2007 to the present. Comardelle has refused to respond because he argues he is not a proper party to the suit. Docket 36 at 1-3. Comardelle

also contends the requests for his financial and tax records are irrelevant and intended to harass or intimidate. *Id.* at 3.

Because the court is denying Comardelle's motion to dismiss with respect to counts four, five, six, and seven, he is a party to the suit. The requests for Comardelle's financial information and tax records from 2007 to 2010 are not reasonably calculated to lead to the discovery of admissible or relevant evidence, and are an unnecessary intrusion into Comardelle's affairs. But Comardelle's financial and tax records from 2011 to the present could provide evidence on whether Comardelle personally received any financial benefit or payment for his role in the Nabors project. Proof of such a benefit is an element of Superior Homes's unjust enrichment claim. Superior Homes has made a threshold showing that the requested information, from 2011 to the present, is reasonably calculated to lead to the discovery of admissible and relevant evidence. Therefore, the burden shifts to Comardelle to provide specific reasons why the discovery requests are overly broad, burdensome, or oppressive.

Comardelle has not made any showing of why the requested discovery, limited to records from 2011 to the present, should not be allowed. Instead, Comardelle stands on the generic objections that he is not a proper party and the requested information is a fishing expedition. The records from 2011 to the present fall within the broad scope of discovery, Superior Homes has made a threshold showing of relevance, and Comardelle has provided no specific reasons why the information should not be produced.

Accordingly, the court grants Superior Homes's motion to compel

Comardelle to respond to Superior Homes's first set of interrogatories and

document requests, but the requests for financial information and tax returns

are limited to records from 2011 to the present.

### 2. GoMotel

GoMotel has filed an answer and counterclaim, claiming liquidated

damages for the alleged late delivery of the GoMotel project homes, and seeking

damages for repair costs and lost rent on the GoMotel project. Docket 37.

### a. Tax and Financial Records

Superior Homes submitted several discovery requests relating to

GoMotel's tax returns and financial records. Interrogatory eight inquired:

> Do you claim to have to have [sic] suffered an adverse tax
> consequence as a result of the delivery of the modular units
> purchased from Superior Homes, LLC after December 31, 2011? If
> so, describe in detail the adverse tax consequence you claim to
> have suffered and provide a detailed calculation of the actual
> monetary damages you claim to have suffered as a result of the
> adverse tax consequence.

Docket 34-2 at 6. Document request three asked GoMotel to "[p]roduce your

Federal and State Income Tax Returns, along with all accompanying schedules

and documents, for tax years 2007 through the present." *Id.* at 10. Document

request four asked GoMotel to "[p]roduce all financial statements including, but

not limited to, balance sheets, profit and loss statements, and cash flow

statements, for GoMotel, LLC for the last five years." *Id.* Document request six

asked GoMotel to "[p]roduce all documents evidencing the amount of adverse tax consequence you suffered as a result of the delivery of the modular units purchased from Superior Homes, LLC after December 31, 2011." *Id.*

Superior Homes argues that GoMotel's tax returns are relevant to determining the reasonableness of the liquidated damages provision, and its financial records are discoverable for the purpose of investigating the amounts of repair costs and lost profit. GoMotel objects to the requested discovery as overly broad and argues that (1) GoMotel's proposed stipulation that it suffered no adverse tax consequences makes discovery of its tax records irrelevant, and (2) the tax returns and financial records are irrelevant to the reasonableness of the liquidated damages provision.

GoMotel was incorporated in 2011. Consequently, it has no financial information or tax returns from previous years. But GoMotel's tax returns and financial records from 2011 to the present likely would bear on one or more elements Superior Homes would have to prove at trial, such as whether, and to what extent, GoMotel received a benefit from Superior Homes, or the amount of damages suffered in GoMotel's counterclaim. Superior Homes has made a threshold showing that GoMotel's tax returns and financial records could reasonably lead to the discovery of relevant and admissible evidence. Therefore, the court will evaluate whether GoMotel has offered sufficient reasons why the requested discovery should not be allowed.

First, GoMotel's proposed stipulation would not relieve it of its duty to respond to document requests three and four. *See Huang v. Continental Tire The Americas, LLC*, Civ. 10-12598, 2011 WL 2620987, at *5 (E.D. Mich. July 5, 2011) (finding that a feasibility stipulation with respect to an alternative design was not an adequate substitute for discovery because the plaintiffs could use the discovery for other purposes). The stipulation would sufficiently answer interrogatory eight and document request six, but the lack of adverse tax consequences is not the only fact contained in GoMotel's tax returns and financial records that Superior Homes may want to prove at trial. For example, Superior Homes may want to prove which, if any, tax deductions or depreciations GoMotel claimed in all relevant tax years for the purposes of showing a benefit to GoMotel under count three. Additionally, the financial records might prove exactly what benefits GoMotel has received both from the GoMotel project and from Nabors for work performed by Superior Homes, or shed light on the damages alleged to be suffered in GoMotel's counterclaim.

Second, GoMotel argues that its tax returns and financial records are irrelevant to the liquidated damages provision because liquidated damages replace the need to prove actual damages. But the presence of a liquidated damages provision does not mean that Superior Homes is barred from seeking any financial discovery. GoMotel's tax returns and financial records likely contain information relevant to some of Superior Homes's claims and some of GoMotel's defenses. GoMotel's tax returns could provide Superior Homes with

information relating to the proportionality of the liquidated damages to any probable damages, information on any tax benefits relating to the GoMotel project, or information relating to any financial benefit to GoMotel from Nabors related to Superior Homes's work on the Nabors project. Similarly, GoMotel's financial reports could also provide Superior Homes with information on any financial benefit received by GoMotel from Nabors as compensation for work actually performed by Superior Homes, or information relating to GoMotel's lost rents and other damages. Any potential harm to GoMotel is minimized by the protective order issued November 7, 2013. Docket 51.

Superior Homes has met its threshold burden of demonstrating that GoMotel's tax returns and financial records are discoverable under Rule 26. The specific objections made by GoMotel do not prove that the information Superior Homes seeks to discover should not be had. Accordingly, the court grants Superior Homes's motion to compel GoMotel to provide its tax returns and its financial records in response to document requests three and four, but limits the required production to returns and records from 2011 to the present. If the parties actually agree to the proposed stipulation that GoMotel suffered no adverse tax consequences as a result of delivery of the homes after December 31, 2011, the court will not compel GoMotel to provide any further answer to interrogatory eight or document request six; if the parties do not agree to the stipulation, then GoMotel must fully and completely answer interrogatory eight and document request six.

### b. Records of Repair and Lost Profit

Superior Homes submitted one interrogatory and two document requests relating to the repair costs GoMotel claims it incurred as a result of Superior Homes's poor construction. Interrogatory eleven states: "Describe in detail what repairs were required to the modular units as alleged in Paragraph XV of your Counterclaim and provide the following information for each: . . . [w]hen the repairs were made; . . . [w]ho made the repairs; and . . . [t]he cost for making the repairs." Document request seven asks GoMotel to "[p]roduce all documents including, but not limited to, invoices and photographs, evidencing you suffered the $308,936 in [repair cost] damages you claim to have sustained as alleged in Paragraph XV of your Counterclaim." Document request eight asks GoMotel to "[p]roduce all documents evidencing you suffered the $2,432,000 in [lost rent] damages you claim to have sustained as alleged in Paragraph XVI of your Counterclaim."[2]

GoMotel does not dispute that such records would be discoverable under Rule 26. Rather, GoMotel insists it has already turned over all such records as they were kept in the ordinary course of business. Docket 36 at 13. Superior Homes disagrees and states that the records produced by GoMotel are incomplete and unverified. Docket 41 at 5.

---

[2] GoMotel has since reduced its claim for lost rent from $2,432,000 to $756,000. *See* Docket 41 at 4.

An itemization of the necessary repairs including details about who made the repairs, when they were made, and the costs of the repairs is a reasonable request that is relevant to GoMotel's counterclaim, which seeks over $300,000 in damages from Superior Homes. Superior Homes should not have to sift through a stack of Bates-stamped documents and guess which documents support GoMotel's claim for damages. As a result, Superior Homes's motion to compel additional responses to interrogatory eleven and document requests seven and eight are granted.

## C.  Request for Fees and Expenses

Rule 37 authorizes the court to award expenses, including attorney's fees, to the prevailing party. Fed. R. Civ. P. 37(a)(5)(A) and (B); 8B Wright & Miller § 2285 ("The great operative principle of Rule 37(a)(5) is that the loser pays."). A court must not award expenses if the movant did not attempt to resolve the matter in good faith without court action, if the opposing party's position was substantially justified, or if other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Before awarding any expenses, the court must give each side an opportunity to be heard. *Id.*

The conduct of Comardelle individually and GoMotel required Superior Homes to file this motion. Based on the correspondence between the parties, Superior Homes attempted to resolve the discovery dispute in good faith before requesting court action. Docket 34-4; Docket 34-5; Docket 34-6. Before the court awards expenses, Superior Homes, Comardelle, and GoMotel may submit

to the court argument addressing whether nondisclosure was substantially justified or other circumstances make an award of expenses unjust. Counsel for Superior Homes may also submit an affidavit of expenses and fees related to filing the motion to compel. The deadline to submit these filings is **December 5, 2013**.

## CONCLUSION

Accordingly, it is

ORDERED that Comardelle's motion to dismiss (Docket 38) is granted without prejudice with respect to counts one, two, and three of the amended complaint, and denied with respect to counts four, five, six, and seven of the amended complaint.

IT IS FURTHER ORDERED that Superior Homes's motion to compel Comardelle to respond to its first set of interrogatories and document requests (Docket 32) is granted, but it is limited to tax returns and financial records from 2011 to the present.

IT IS FURTHER ORDERED that Superior Homes's motion to compel directed at GoMotel (Docket 32) is granted with respect to document requests three and four, and GoMotel will disclose its tax returns and financial records from 2011 to the present. Superior Homes's motion to compel a response to interrogatory eight and document request six is granted, and GoMotel must answer interrogatory eight and document request six if the parties cannot agree on a stipulation of GoMotel's adverse tax consequences. Superior Homes's

motion to compel a response to interrogatory eleven and document requests
seven and eight is granted. All responses are due by **December 12, 2013**.

IT IS FURTHER ORDERED that the parties will submit argument on
expenses by **December 5, 2013**.

Dated November 21, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE